Adam I. Gafni, Esq. (SBN: 230045)
**GAFNI & LEVIN, LLP**
11811 San Vicente Blvd.
Los Angeles, California 90049
Telephone: 424.744.8344
Email: adam@gafnilaw.com

Attorney for Plaintiff,
Charles Adam Jones

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ADAM JONES,<br><br>Plaintiff,<br><br>vs.<br><br>TAHOE TRUCKEE VACATION PROPERTIES, INC., a California Corporation; FINEST LUXURY ENTERPRISES, INC., a Florida Corporation and DOES 1 through10, inclusive.<br><br>Defendants. | Case No.:<br>(Copyright Infringement)<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

-1-
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

# COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Charles Adam Jones ("Plaintiff") by and through his attorneys of record, alleges against Defendant Tahoe Truckee Vacation Properties, Inc., a California Corporation, ("TT Vacation Properties"), Florida Luxury Enterprises, Inc. ("FLE"), and DOES 1-10, inclusive, (hereinafter collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C § 101 et seq. (the "Copyright Act").

2. **Subject Matter Jurisdiction**: This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

3. **Personal Jurisdiction**: Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because inter alia: for years, among other reasons, Defendants operated and/or currently operate commercial businesses located in California within the Eastern District and/or which contract with businesses in the Eastern District of California and through which Defendants knowingly, systematically, and continuously transacted or transact business and enter or entered into contracts on an ongoing basis with and provide or provided products and/or services to individuals or companies in California.

4. **Additional Allegations of Personal Jurisdiction as to FLE:** Plaintiff is informed and believed that FLE directly and/or through the DOE Defendants contracted with TT Vacation Properties knowing that it was a California Corporation, headquartered in California, to provide advertising and promote TT Vacation Properties in California, and to obtain from TT Vacation Properties photographs of California locations such as the Photograph at issue, to advertise the California properties, and book through the FLE Site vacation rentals in California. Plaintiff is informed and believe that FLE has had extensive and numerous contracts with

-2-
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

California businesses and through its website during all relevant times solicited California business (both client and rental site side), including through use of the Photograph.  Plaintiff is informed and believes that FLE also regularly used and uses California-based companies to promote and advertise its serves such as Youtube, and Facebook. FLE had and has a dedicated section on California based properties it advertises and through which it solicits bookings for California properties on behalf of California companies with whom it has contracted See, https://finestluxuryvacations.com/destinations/united-states-luxury-vacations/california-luxury-vacation-rentals/ (listing California vacation rentals)

5. **Venue:** Venue is proper in this district under 28 U.S.C § 1391(b) and (c) and 28 U.S.C. § 1400(a).  Plaintiff is informed and believes that this action arose in the County in which Defendant TT Vacation Properties is headquartered, in Nevada County, California.

## THE PARTIES

6. Charles Adam Jones is an acclaimed professional photographer specializing in travel and nature photography. Mr. Jones photographs have been widely published in magazines, posters, calendars, books, and in national advertising campaigns around the world for clients such as Canon, Ford, Eddie Bauer, Miller Beer, and Honda. Mr. Jones's photographs are sold and licensed through the website www.adamjonesphoto.com. His photographs are protected pursuant to the copyright laws of the United States and Mr. Jones works vigorously to protect his copyrights.

7. Plaintiff is informed and believes that Defendant TT Vacation Properties is a California Corporation with its principal place of business in the Eastern District of California.

8. Plaintiff is informed and believes that Defendant TT Vacation Properties markets, promotes, and solicits clients for its real estate management services and clients for its properties it manages through, *inter alia*, its Facebook page

https://www.facebook.com/TahoeTruckeeVacations (the "Facebook Page") and other means.

9. Plaintiff is informed and believes that during all relevant times, TT Vacation Properties operated, controlled and through its principal(s), executive(s), officers, directors, representatives, co-conspirators, managing agents and/or employees, encouraged each of the other and/or uploaded articles and photographs, including the Photograph to the Facebook Page and related sub-URLs to advertise and market its products and/or services to a national and multi-national audience interested in vacationing in the Lake Tahoe/Truckee area.

10. Plaintiff is informed and believes that Finest Luxury Enterprises, Inc. ("FLE") is a Florida Corporation, that during all relevant times owned and operated the website finestluxuryvacations.com (the "FLE Site").

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when ascertained.

   a) Plaintiff believes that the DOE Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendant, or through entering into a conspiracy and agreement with the known Defendant to perform these acts, for financial gain and profit, in violation of Plaintiff's rights.

   b) Plaintiff is also informed and believes, and thereon alleges, that each of the Defendants designated herein as a "DOE" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged. The DOE Defendants and the known Defendant are referred to collectively as "Defendants" TT Vacation Properties and DOES 1-5 shall be referred to as the "TT Vacation Properties Defendants." FLE and DOES 6-10 shall be referred to as the "FLE Defendants"

-4-
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

12. Plaintiff is informed and believes that the known Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore.

13. Plaintiff is informed and believes that at some unknown time, the known Defendants entered into a conspiracy with the unknown Defendants to commit the wrongful acts described herein; and/or induced, or encouraged the infringement and actions herein, and/or were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein.

14. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage and profit in doing the acts alleged below.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates the factual allegations above as if set forth in full.

16. Plaintiff is the sole author, photographer, and owner of the photographic work shown below for reference:



(the "Photograph"). The © symbol overlay is added above solely for purposes of this Complaint

17. The Photograph was not made as a work for hire.

18. Plaintiff incurred substantial time and expense creating the Photograph.

19. Plaintiff submitted and/or caused to be submitted to the United States Copyright Office an application to obtain copyright registration for the Photograph as a published work and deposited a copy of the Photograph as part of application.

20. As a result of said application, the United States Copyright Office issued to Plaintiff a Certificate of Registration (Registration Number VA VA0001923138 ) for the Photograph with an effective date of August 8, 2014 (the "Copyright").

21. Plaintiff is and was during all relevant times the sole owner of the copyright in the Photograph, and during all relevant times Plaintiff held and still holds the exclusive rights to reproduce, publicly distribute, and display the Photographs pursuant to 17 U.S.C. § 106 and 501.

22. Within the last three years, Plaintiff discovered and could not have reasonably previously discovered that Defendants unlawfully copied, downloaded, publicly displayed, uploaded, and distributed an unlawful copy of his registered Photograph without a license or consent onto the Facebook Page, which content was also curated, edited, managed, controlled and/or operated by the Defendants, and onto the FLE Website. Prior to the time of discovery of said infringements, Plaintiff did not discover and could not have reasonably discovered these infringements.

23. Plaintiff is informed and believes that Defendants copied the Photograph, without authorization or permission from Plaintiff, including by when they unlawfully copied/reproduced, uploaded/downloaded, or caused to be uploaded/downloaded, publicly displayed, and distributed the Photographs to a global audience on the World Wide Web via the Facebook Page and FLE Site despite notice and/or reason to know that such use was unauthorized and/or unlicensed.

24. Plaintiff is informed and believes that Defendants commenced infringement and unauthorized use of the Photograph after the Photograph had been registered with the United States Copyright Office.

25. At all relevant times, Defendants did not have a license or permission to use, display, distribute, copy, and/or reproduce the Photograph.

26. Plaintiff is informed and believes that Defendants copied/reproduced, uploaded/downloaded, or caused to be uploaded/downloaded, publicly displayed, and distributed the Photographs with actual and/or constructive knowledge, that they did not have consent and/or a license to use the Photograph and in reckless or conscious disregard of the risks of Copyright infringement.

27. Defendants' unlawful copying/reproduction, uploading/downloading, or causing to be uploaded/ downloaded, public display, and distribution of the Photograph to a global audience on the World Wide Web via the Website, and potentially other locations, constitutes direct copyright infringement.

28. Plaintiff is informed and believes that the TT Vacation Properties Defendants oversaw, managed, curated, edited, and uploaded material to the Facebook Page as part of the advertisement and marketing of its services including by materially assisting with the selection of the Photograph, uploading the Photograph, approval of the use of the Photograph, and had the opportunity to control the images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Facebook Page.

29. Plaintiff is informed and believes that the FLE Defendants oversaw, managed, curated, edited, and uploaded material to the FLE Site as part of the advertisement and marketing of its services including by materially assisting with the selection of the Photograph, uploading the Photograph, approval of the use of the Photograph, and had the opportunity to control the images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the FLE Site.

30. Plaintiff is informed and believes that Defendants attempted to obtain and/or did obtain profit from the infringing activities alleged herein and/or attempted to derive a profit and direct financial benefit from the infringing activities alleged herein.

31. Plaintiff is informed and believes the TT Vacation Properties Defendants have the right and ability to control, supervise, monitor and direct the Facebook Page wherein the infringing activity occurs.

32. Plaintiff is informed and believes the FLE Defendants have the right and ability to control, supervise, monitor and direct the FLE Site wherein the infringing activity occurs.

33. Defendants have shown that it intended to continue, unless restrained, to use Plaintiff's copyrighted photographic work, willfully infringing, and causing irreparable damages to Plaintiff for which he has no adequate remedy of law.

34. By unlawfully using copies the Photographs and by distributing and encouraging redistribution of the Photographs without identifying the Photographs as being the exclusive property of Plaintiff, Defendants' have diminished the value of the Photograph as an original photographic work.

35. Defendants' unlawful acts have and continue to interfere with Plaintiff's ability to market the Photographs, thereby impairing the value and prejudicing the sale or license by Plaintiff.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## PURSUANT TO 17 U.S.C. § 106 AND 501
## (AGAINST TT VACATION PROPERTIES DEFENDANTS)

36. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

37. Plaintiff owns all rights, titles, and interests in and to the copyright for the Photograph, the use of which has not been licensed to Defendant.

38. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. § 106(1), (3), and (5).).

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

39. Within the last three years, Plaintiff discovered that TT Vacation Properties Defendants (including through their agents and employees), without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photograph, (2) distributed, and/or facilitated the unauthorized distribution of unauthorized copies of the Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photograph on the Facebook Page, and distributed the Photograph to others such as FLE to induce them to make further copies and/or public display.

40. Plaintiff is informed and believes that TT Vacation Properties Defendants misappropriated Plaintiff's copyrights in the Photograph with actual and/or constructive knowledge that the Photograph at issue did not belong to Defendants and that they did not have the license to do so. TT Vacation Properties Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photograph.

41. Plaintiff is informed and believes that TT Vacation Properties Defendants' acts of infringement are willful, intentional, and purposeful, and/or with reckless disregard of and with indifference to Plaintiff's rights because they knew or recklessly and in conscious disregard of the known risks of infringement failed to determine whether they had right to use the Photograph in the manner in which they used it.

42. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages, including by engaging in distribution without identifying the copyright of Plaintiff; interfered with and undermined Plaintiff's ability to market Plaintiff's own original photographs, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

43. As a direct and proximate result of Defendants' infringements, and each of them, Plaintiff has suffered damages and therefore is entitled to recover from Defendants, gains and advantages obtained by Defendants as a result of their acts of

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

infringement alleged above, actual damages, Defendants' profits pursuant to 17 U.S.C. § 504(b), including attorney's fees.

44. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages of up to $150,000.00 per infringement against each Defendant for their infringements and/or the infringements for which they are liable jointly and severally, pursuant to 17 U.S.C. § 504(c), or such other amounts as may be proper.

45. Plaintiff is entitled to attorneys' fees and to the recovery of all costs and expenses reasonably incurred in pursuing this matter pursuant to 17 U.S.C. § 505.

46. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which she has no adequate remedy of law.

## SECOND CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## PURSUANT TO 17 U.S.C. § 106 AND 501
## (AGAINST FLE DEFENDANTS)

47. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

48. Within the last three years, Plaintiff discovered that FLE Defendants (including through their agents and employees), without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photograph, (2) distributed, and/or facilitated the unauthorized distribution of unauthorized copies of the Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photograph on the FLE Site and potentially distributed the Photograph to others to induce them to make further copies and/or public display.

49. Plaintiff is informed and believes that FLE Defendants misappropriated

-10-
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff's copyrights in the Photograph with actual and/or constructive knowledge that the Photograph at issue did not belong to Defendants and that they did not have the license to use the Photograph in the manner in which they used the Photograph. FLE Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photograph.

50. Plaintiff is informed and believes that FLE Defendants acts of infringement are willful, intentional, and purposeful, and/or with reckless disregard of and with indifference to Plaintiff's rights because they knew or recklessly and in conscious disregard of the known risks of infringement failed to determine whether they had right to use the Photograph in the manner in which they used it.

51. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages, including by engaging in distribution without identifying the copyright of Plaintiff; interfered with and undermined Plaintiff's ability to market Plaintiff's own original photographs, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

52. As a direct and proximate result of Defendants' infringements, and each of them, Plaintiff has suffered damages and therefore is entitled to recover from Defendants, gains and advantages obtained by Defendants as a result of their acts of infringement alleged above, actual damages, Defendants' profits pursuant to 17 U.S.C. § 504(b), including attorney's fees.

53. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages of up to $150,000.00 per infringement against each Defendant for their infringements and/or the infringements for which they are liable jointly and severally, pursuant to 17 U.S.C. § 504(c), or such other amounts as may be proper.

54. Plaintiff is entitled to attorneys' fees and to the recovery of all costs and

expenses reasonably incurred in pursuing this matter pursuant to 17 U.S.C. § 505.

55. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which she has no adequate remedy of law.

## THIRD CLAIM FOR RELIEF
## SECONDARY COPYRIGHT INFRINGEMENT
## (AGAINST TT VACATION PROPERTIES DEFENDANTS)

56. Plaintiff incorporates by reference all preceding allegations of the Complaint.

57. Plaintiff is informed and believes that TT Vacation Properties Defendants obtained actual and/or constructive knowledge and/or were willfully blind to the infringing activity and that despite such induced, encouraged, aided, and contracted for the FLE Defendants and potentially others to infringe upon Plaintiff's rights in the Photograph by using it to advertise TT Vacation Properties, its services and properties.

58. Plaintiff is further informed and believes that at all relevant times the TT Vacation Properties Defendants had the right and ability to control and authorized, directed, and ratified the conduct alleged herein including the use of the Photograph on the Facebook Page and FLE Site.

59. Plaintiff is further informed and believes that at all relevant times the TT Vacation Properties Defendants directly profited from it or attempted to derive a profit from the infringing conduct alleged herein.

60. As a direct and proximate result of Defendants' vicarious and contributory infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the total amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established

according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

61. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

62. As a result of the aforementioned conduct, Plaintiff has sustained damages and/or is entitled to award of statutory damages for the works which were registered at the time the infringement commenced.

63. Plaintiff has been forced to incur attorneys' fees and costs in connection with the infringement alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

### AS TO ALL CLAIMS FOR RELIEF

1. For Plaintiff's actual damages;

2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct;

3. For maximum statutory damages under Section 17 U.S.C. § 504(c) of the Copyright Act;

4. For prejudgment interest;

5. For attorneys' fees and costs;

6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

    a.) enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

      b.) the seizure of all property made in, or used to assist in the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photograph, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photograph; and

      7.    For such other and further relief as this Court deems just and appropriate.

Date:   September 20, 2024          **GAFNI & LEVIN, LLP**

                                        By:  */s/ Adam I. Gafni*
                                                Adam I. Gafni
                                                Attorney for Plaintiff
                                                CHARLES ADAM JONES

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date:   September 20, 2024                    **GAFNI & LEVIN, LLP**

                                By:   /s/Adam I. Gafni
                                      Adam I. Gafni, Esq.
                                      Attorney for Plaintiff
                                      MAGNUM PHOTOS, INC.